**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ANGEL HERNANDEZ, | ) | |
| ID # 73104-079, | ) | |
|               Movant, | ) | No. 3:12-CV-1716-B-BH |
| vs. | ) | No. 3:08-CR-0268-B (01) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|               Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the *Motion to Voluntary Dismiss of this 28 U.S.C. § 2255 as to Not Waste the Court Time and Avoid "The Second and Successive Default" File as Pro Se Incorrectly and Request Without Prejudice "In the Interest of Justice So Require"*, received June 27, 2013 (doc. 27). Based on the relevant findings and applicable law, the motion for voluntary dismissal without prejudice should be denied.

**I.  BACKGROUND**

On September 3, 2008, Angel Hernandez (Movant) and ten co-defendants were charged by indictment with conspiracy to possess with intent to distribute and distribution of a controlled substance in violation of 21 U.S.C. § 846 (count one) and money laundering in violation of 18 U.S.C. § 1956 (count two). (*See* Indictment). On September 3, 2009, Movant pled guilty without a plea agreement to the drug conspiracy charged in count one of the indictment. (*See* doc. 312).[1] He also signed an amended factual resume admitting facts sufficient to support his plea. (doc. 239). At the forfeiture and sentencing hearing on February 25, 2010, Movant was sentenced to 262 months of imprisonment, to be followed by five years of supervised release. (docs. 313 at 98-99, doc. 303).

---

[1] All document numbers refer to the docket number assigned in the underlying criminal action.

He filed a direct appeal in which he challenged only the order of forfeiture. *See United States v. Hernandez*, No. 10-10194 (5th Cir. April 6, 2011).

On June 4, 2012, Movant filed a motion to vacate pursuant to 28 U.S.C. § 2255, asserting that his attorney was ineffective at trial and on appeal. The Government filed a response brief on October 4, 2012. Movant filed a reply brief on October 29, 2012. The Government filed a notice of supplemental authority on January 4, 2013, and Movant filed a response on March 1, 2013, seeking to have the Government's response stricken and habeas relief granted. On June 5, 2013, it was recommended that the motion be denied with prejudice. Movant then filed his motion for a voluntary dismissal on June 27, 2013, and the Government filed its opposition on July 8, 2013. Movant filed a reply on July 19, 2013.

## II. ANALYSIS

Movant requests that his § 2255 motion be voluntarily dismissed without prejudice so that he can obtain legal assistance to file another § 2255 motion and avoid the second or successive bar. His motion is construed as arising under Fed. R. Civ. P. 41(a)(2).

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that after a defendant files either an answer or a motion for summary judgment, and if it does not consent to the voluntary dismissal, an action may be dismissed on the plaintiff's request only by court order on terms it considers proper. Fed. R. Civ. P. 41(a)(2); *In re FEMA Trailer Formaldahyde Products Liability*, 628 F.3d 157, 162 (5th Cir. 2010); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). The decision whether an action should be dismissed under Rule 41(a)(2) is within the sound discretion of the court. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) (citing *La-Tex Supply Co. v. Fruehauf Trailer*

*Division*, 444 F.2d 1366, 1368 (5th Cir. 1971)).  Notwithstanding this discretion, voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317 (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).  The primary consideration is whether the non-movant would be prejudiced or unfairly affected. *Id.* at 317-18.  Courts have found plain legal prejudice when the plaintiff moves to dismiss the case at a late stage of the proceedings after the parties have exerted significant time and effort, the plaintiff seeks to avoid an imminent adverse ruling, or if dismissal would cause the defendant to be stripped of an otherwise available defense if the case were to be re-filed.  *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 162-63; *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990).

Rule 41(a)(2) applies in the context of federal habeas proceedings, and the primary consideration is the same as for non-habeas cases, i.e., whether the non-movant will be prejudiced. *See Kramer v. Butler*, 845 F.2d 1291, 1294-95 (5th Cir. 1988).  In *Kramer,* the petitioner sought to voluntarily dismiss his habeas petition without prejudice in order to exhaust a new claim, alleging that amendment of his current petition to add the claim would result in a dismissal for failure to exhaust, and that a subsequent petition concerning the new claim would be dismissed as an abuse of the writ.  *Id*.  The Fifth Circuit found that the district court did not abuse its discretion in denying the motion on grounds of prejudice to the government where it had filed its answer, an evidentiary hearing had been held, all that remained was for the magistrate judge to issue his findings and recommendation, the new claim was apparent from the face of the state record already before the court, and the petitioner had filed a previous federal habeas petition. *Id.* at 1295; *see also United*

*States v. Lanfranca*, 24 F.3d 237, *1 (5th Cir. May 18, 1994) (holding that the district court had not abused its discretion in denying a motion to withdraw a § 2255 motion because it was filed over three months after the § 2255 motion was filed, over one month after the government had responded, and only one day before it was denied by the court).

Here, Movant filed his motion for voluntary dismissal one year after he filed his § 2255 motion, eight months after the Government filed its response, five months after it filed its notice of supplemental authority, and shortly after it was recommended that his § 2255 motion be denied on the merits. Although no evidentiary hearing has been held, briefing has been completed, the habeas petition has been considered on the merits, and a recommendation that it be dismissed has been issued. Under these facts, the Government would be prejudiced if Movant were permitted to dismiss this case without prejudice in order to avoid an imminent adverse ruling, and his motion should therefore be denied.

### III.  RECOMMENDATION

Movant's motion for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure should be **DENIED**.

**SO RECOMMENDED** on this 9th day of September, 2013.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE